UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

JOHN GASSEW,

    Petitioner,

v.    Case No. 5:19-cv-471-Oc-39PRL

WARDEN, FCC COLEMAN - USP II,

    Respondent.
_____

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Petitioner, an inmate of the federal correctional system proceeding pro se, initiated this case in the United States District Court for the District of Columbia by filing a "Writ of Habeas Corpus Due Process Petition" (Doc. 1; Motion). In the Motion, Petitioner asks the Court vacate his criminal convictions on due process grounds. Construing Petitioner's filing as one under 28 U.S.C. § 2241, the United States District Court for the District of Columbia transferred the case to this Court, which is in the jurisdiction of Petitioner's immediate custody. See Order (Doc. 4). Petitioner thereafter filed a document in this Court, which the clerk docketed as an "Amended Petition" (Doc. 8; Subsequent Motion).[1]

---

[1] The Court notes neither the original Motion nor the Subsequent Motion are on the Court-approved forms, and Petitioner's grounds for relief are unclear.

Upon review, it does not appear Petitioner intended to pursue relief under § 2241, nor did he intend for his Subsequent Motion to be an amended petition. Rather, it appears the impetus for Petitioner's Subsequent Motion was the District of Columbia's reference to § 2241 in its transfer order. For instance, the title of Petitioner's Subsequent Motion is "Writ of Habeas Corpus. 'only if need be' 28 USC § 2241." See Doc. 8 at 1 (emphasis in original). Moreover, the relief Petitioner seeks in the Subsequent Motion is the same as that requested in his original Motion. He requests the Court vacate his criminal convictions and order his immediate release from federal custody.

A federal prisoner challenging the validity of his conviction must do so under 28 U.S.C. § 2255, not § 2241. McCarthan v. Dir. Of Goodwill Indus.-Suncoast, Inc., 851 F.3d 1076, 1081 (11th Cir. 2017). "Section 2255(e) makes clear that a motion to vacate is the exclusive mechanism for a federal prisoner to seek collateral relief." Id. A motion to vacate under § 2255 must be filed in the "court [that] imposed the sentence." § 2255(a). Petitioner was sentenced by the United States District Court for the Eastern District of Pennsylvania, not by this Court. See Doc. 1-1 at 9; see also E.D. Pa. Case No. 2:10-cr-45-AB. As such, this Court lacks jurisdiction to review the merits of Petitioner's claims. See § 2255(e) ("An application for a writ of habeas corpus in behalf of

prisoner who is authorized to apply for relief by motion pursuant to [§ 2255], shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him.").

Not only does this Court lack jurisdiction to entertain Petitioner's Motion to vacate his sentence, but the Court takes judicial notice that Petitioner, through counsel, filed a second or successive motion to vacate under § 2255 in the Eastern District of Pennsylvania on August 27, 2019.[2] See E.D. Pa. Case No. 2:10-cr-45-AB. Any relief Petitioner seeks related to his federal convictions should be discussed with his attorney and pursued, to the extent cognizable and viable, in the § 2255 action pending before the Eastern District of Pennsylvania.

Accordingly, it is

**ORDERED AND ADJUDGED:**

1. This case is **DISMISSED without prejudice**.

2. The **Clerk of Court** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close this case.

---

[2] The Third Circuit Court of Appeals granted Petitioner leave to file a second or successive petition. See Order (Doc. 221), E.D. Pa. Case No. 2:10-cr-45-AB.

**DONE AND ORDERED** at Jacksonville, Florida, this 26th day of September, 2019.

/s/ Brian J. Davis
BRIAN J. DAVIS
United States District Judge

Jax-6
c:
John Gassew, #R64602-066